**Ali Rajeh Saleh ALMNTASER, a.k.a. Ali Rajeh S. Al–Muntaser, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 07–72922.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 13, 2009.*

Filed Oct. 26, 2009.

Elias Z. Shamieh, Esquire, Law Offices Of Elias Z. Shamieh, San Francisco, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, LEAVY, and RYMER, Circuit Judges.

MEMORANDUM **

Ali Rajeh Saleh Almntaser, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law and review for substantial evidence factual findings. *See Husyev v. Mukasey,* 528 F.3d 1172, 1177 (9th Cir.2008).

The record does not compel the conclusion that Almntaser's alleged illness, or his expectation that he would eventually obtain immigration benefits through his marriage established extraordinary circumstances that excuse the untimely filing of his asylum application. *See* 8 C.F.R. 1208.4(a)(5)(i); *see also Husyev,* 528 F.3d at 1181–82. Accordingly, Almntaser's asylum claim fails.

Substantial evidence supports the agency's determination that Almntaser's experiences in Yemen did not rise to the level of persecution, *see Lim v. INS,* 224 F.3d 929, 936–38 (9th Cir.2000) (threats received did not demonstrate past persecution); and that he does not have a clear probability of persecution on account of a

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

protected ground, *see Molina–Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir.2001) (personal retribution is not persecution on account of protected ground). Accordingly, Almntaser's withholding of removal claim fails.

Substantial evidence supports the agency's denial of CAT relief because Almntaser did not show a likelihood of torture if returned to Yemen. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

Finally, Almntaser's contention that the BIA abused its discretion by failing to state reasons for denying CAT relief is without merit. *See Abebe v. Gonzales*, 432 F.3d 1037, 1040–41 (9th Cir.2005) (en banc) (where BIA cites *Matter of Burbano* and does not express disagreement with the IJ's decision, BIA has independently reviewed record and adopted the IJ's decision in its entirety).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.